(No. 80AP-201—Decided June 12, 1980.)

*Mr. Robert Allen Perdue, Sr., pro se.*
*Mr. Jay H. Sanford,* for appellees.

McCORMAC, J.   Plaintiff-appellant, Robert Allen Perdue, Sr., commenced an action against defendants-appellees, Robert K. Handelman and R. Raymond Twohig, Jr., in the Court of Common Pleas of Franklin County on March 19, 1979, alleging negligence or malpractice on the part of defendants, his former attorneys, who represented him in a criminal action in which he was convicted and sentenced to a long term in the penitentiary. Defendants answered, asserting, among other defenses, the bar of the statute of limitations.

Defendants moved for summary judgment on the ground

of the statute of limitations, attaching an affidavit from defendant Robert K. Handelman stating that he and his law partnership represented plaintiff until October 4, 1977, when he met plaintiff at the Chillicothe Correctional Institute, at which time a mutual decision was made that he would no longer represent plaintiff.

While the summary judgment motion was pending for determination, plaintiff moved the court for leave to dismiss his complaint without prejudice because he was representing himself and unable to come to court, because of his imprisonment, to present his facts and evidence. That motion was not acted upon until February 29, 1980, when the trial court granted summary judgment for defendants on the basis that the one-year statute of limitations prescribed by R. C. 2305.11 had elapsed prior to the filing of the complaint and that his action was therefore barred. Plaintiff's motion to dismiss without prejudice was overruled.

Plaintiff has appealed, alleging that the trial court erred in granting summary judgment to defendants and in not permitting him to dismiss his complaint without prejudice.

The judgment of the trial court is reversed. The first reason is that a plaintiff may dismiss a complaint " * * * without order of [the] court * * * by filing a notice of dismissal at any time before the commencement of [the] trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * * ." Civ. R. 41(A)(1). Plaintiff's motion to dismiss without prejudice should have been treated as a voluntary dismissal and the case should have immediately been dismissed without further action of the court.

The second reason is that the statute of limitations had not run against plaintiff. Plaintiff's action accrued at the time of the termination of his attorney-client relationship with defendants on October 4, 1977. At that time, plaintiff was imprisoned, as he has been since that time. R. C. 2305.16 provides that if a person is in prison at the time his cause of action accrues, he may bring it within the respective time prescribed for that action after such disability is removed. Defendants seek to avoid the application of this tolling provision on the basis that plaintiff has commenced numerous other actions in various courts and, therefore, had no impediment that justified his

claiming entitlement to the tolling provision. Defendants' contentions in this respect are not well taken. R. C. 2305.16 entitles plaintiff to the tolling of the statute of limitations because of the disability of imprisonment, without any further justification.

The judgment of the trial court is reversed. The cause is remanded to the trial court to be disposed of by entering a voluntary dismissal by plaintiff, pursuant to Civ. R. 41(A)(1).

*Judgment reversed and*
*cause remanded.*

MOYER and PALMER, JJ., concur.

PALMER, J., of the First Appellate District, sitting by designation in the Tenth Appellate District.