GARDNER et al., Appellants,

v.

GLEYDURA et al., Appellees.

[Cite as *Gardner v. Gleydura* (1994), 98 Ohio App.3d 277.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66570.

Decided Oct. 17, 1994.

*Pierre Marlais* and *William J. Day,* for appellants.

*Weston, Hurd, Fallon, Paisley & Howley, Harry T. Sigmier* and *William H. Baughman, Jr.; Meyers, Hentemann, Schneider & Rea* and *Gerald L. Jeppe,* for appellees.

*Per Curiam.*

Plaintiffs Otis Gardner, Reynaldo Hernandez, Ramon Hernandez, and Ralph Roscoe Britton, Jr. appeal from the judgment of the trial court which dismissed their complaint against defendants Diane Gleydura and Dwayne Gordon. For the reasons set forth below, we affirm.

## I

The record reveals that the parties were involved in a motor vehicle accident on September 9, 1988. In September 1990, plaintiffs filed suit against defendants, initiating Common Pleas case No. 196616. On January 3, 1992, counsel for plaintiffs voluntarily dismissed case No. 196616 without prejudice. Thereafter, on February 11, 1992, the trial court journalized a half-sheet entry that indicated that the matter had been voluntarily dismissed.

On January 5, 1993, plaintiffs refiled the action against defendants pursuant to R.C. 2305.19, the savings statute, and thereby initiated the present action. Defendant Gleydura subsequently filed a motion to dismiss and alternative motion for summary judgment, asserting that plaintiffs had not refiled the action in a timely manner, since the savings statute began to run from the date of plaintiffs' voluntary dismissal in case No. 196616 and not from the date of the trial court's journal entry. The trial court granted defendant's motion and plaintiffs now appeal, assigning a single error for our review.

## II

Plaintiffs' assignment of error states:

"The court of common pleas erred in dismissing plaintiff-appellants' refiled complaint because plaintiff-appellants refiled their complaint within one year of the date of the court's judgment entry documenting the voluntary dismissal of the complaint."

A plaintiff's voluntary dismissal of a cause of action is governed by Civ.R. 41(A)(1), which provides:

" * * * an action may be dismissed by the plaintiff without order of the court (a) by filing a notice of dismissal at any time before the commencement of trial * * *."

Dismissals pursuant to this rule are effectuated upon filing by the plaintiff; approval by the court is not necessary. 1 Baldwin's Ohio Civil Practice (1988) 317, Section T25.03. That is, "[t]he filing of the notice of dismissal automatically

terminates the case without any intervention by the court." Absolutely no court approval is necessary." *Id.* at 319. See, also, *Perdue v. Handelman* (1980), 68 Ohio App.2d 240, 241, 22 O.O.3d 398, 398–399, 429 N.E.2d 165, 166. The rule therefore contemplates unilateral action on the part of the plaintiff. *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 240–241, 475 N.E.2d 183, 184–185.

A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a "fail[ure of the action] otherwise than upon the merits" within the meaning of R.C. 2305.19, the savings statute. See *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus. Thus, where the voluntary dismissal has occurred after the statute of limitations has expired, the savings statute permits the plaintiff to refile the action within one year of the filing of the notice of dismissal. See *Conley v. Jenkins* (1991), 77 Ohio App.3d 511, 515, 602 N.E.2d 1187, 1189.

In accordance with the foregoing, we hold that plaintiffs' original action against defendants failed otherwise than upon the merits on January 3, 1992, the date on which plaintiffs filed their voluntary dismissal of the action. Upon the filing of this document, no further action was required by the trial court. Accordingly the trial court's half-sheet judgment entry in this matter merely reiterated that the matter had been voluntarily dismissed and did not effectively terminate the original action. Plaintiffs were therefore required to refile the instant action within one year of the date on which they voluntarily dismissed their original action against defendants, and plaintiffs could not wait until one year of the date on which the court's half-sheet entry was journalized. Accord *Hershbain v. Cleveland* (June 4, 1992), Cuyahoga App. Nos. 60631 and 61121, unreported, 1992 WL 126017, wherein this court stated:

" * * * plaintiff's notice of dismissal became effective on June 9, 1989, the date he filed it, since the rule is self-executing. Thus, plaintiff must indeed be held responsible for being aware that according to the Rule of Civil Procedure under which he was proceeding, his original action was dismissed as of the date he filed his notice thereof. The trial court's half-sheet journal entry is merely a perfunctory act performed without discretion, constituting notice to the world of plaintiff's unilateral action."

Plaintiffs note that a court speaks only through its journal, and they therefore maintain that a voluntary dismissal cannot be effective until such time as it is journalized by the court. We must reiterate, however, that voluntary dismissals are unilateral dismissals accomplished without court action. 1 Baldwin's Ohio Civil Practice, *supra,* at 319; *Perdue v. Handelman, supra; Clay Hyder Trucking Lines, Inc. v. Riley, supra.*

Plaintiffs also attempt to distinguish *Hershbain, supra,* on the basis that while in *Hershbain,* the trial court issued two separate judgment entries after plaintiff filed his notice of dismissal, this case does not present a dispute regarding the effectiveness of multiple journal entries. We find this to be a distinction without a difference in light of the *Hershbain* court's holding that the date of the plaintiff's notice of dismissal, and not the date of the court's journal entries, determined when the action was deemed to be terminated. Plaintiffs further attempt to distinguish *Hershbain* on the basis that in that case, unlike the present case, the plaintiff retained the same counsel throughout both proceedings. We fail to recognize the significance of this distinction in light of the parties' overall duty to keep informed regarding the progress of their case. See *State Farm Mut. Auto. Ins. Co. v. Peller* (1989), 63 Ohio App.3d 357, 360, 578 N.E.2d 874, 875–876.

Finally, plaintiffs urge this court to apply its holding in *Cogoljevic v. DiSanto* (Apr. 9, 1992), Cuyahoga App. No. 62580, unreported, 1992 WL 74239, in lieu of *Hershbain, supra.* We note, however, that *Cogoljevic, supra,* was on this court's accelerated calendar and therefore contains very few operative facts, including the subsection of Civ.R. 41 under which the plaintiff's dismissal was sought. It is therefore not clear that *Cogoljevic* is relevant herein or that it can offer any illumination upon the issues now presented.

Plaintiffs' assignment of error is overruled.

*Judgment affirmed.*

Patton, P.J., Spellacy and Weaver, JJ., concur.