[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from the judgment of the Lucas County Court of Common Pleas granting appellees' motion for summary judgment. For the reasons that follow, we reverse the decision of the trial court and remand for further determination.
The undisputed relevant facts are as follows. There was a multiple vehicle accident in 1992. As a result of the accident, Paul B. Stebing, Richard Rodriguez (appellant herein), and Marc Perkins, filed separate complaints. Paul B. Stebing's complaint was assigned to Judge Charles J. Doneghy, under case number 94-1703; appellant's complaint was assigned to Judge Judith Ann Lanzinger, under case number 94-2341; and Marc Perkins' complaint was assigned to Judge Stephen A. Yarbrough, under case number 94-2368. On November 9, 1994, the trial court consolidated the three actions, thereby transferring them to Judge Doneghy's docket, and entered the following order:
 "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Case Nos: 94-1703, 94-2341, and 94-2368 are hereby consolidated for purposes of discovery, pretrial matters and trial and all future pleadings shall be filed under Case No. 94-1703."
Stebing's and Perkins' claims settled prior to trial and were dismissed with prejudice.
Appellant apparently intended to dismiss his claims without prejudice, pursuant to Civ.R. 41(A); however, the following events took place. On October 26, 1995, appellant filed a notice of voluntary dismissal. The caption of the dismissal had appellant as plaintiff and appellees as defendants, but had 94-1862 as the case number and had Judge Lanzinger as the judge. The parties agree that on October 27, 1995, the dismissal was journalized with an altered caption. Specifically, the case number was changed to 94-2341 and the judge was changed to Judge Doneghy. Subsequently, on November 15, 1995, an additional notice of voluntary dismissal was filed. This time the case number was 94-2341 and Judge Doneghy was the designated judge.
On November 5, 1996, appellant, Richard Rodriguez, filed a complaint against John Wagonlander and Hyway Trucking Company, appellees. In his complaint, appellant asserted that this action was originally filed in the trial court and assigned to Judge Doneghy as case number 94-2341 and that it was being refiled pursuant to a voluntary dismissal filed on November 15, 1995.
On February 6, 1997, appellees filed a motion for summary judgment seeking a dismissal of appellant's complaint, asserting that the complaint was filed outside the statute of limitations and savings clause. On May 27, 1997, the trial court granted appellees' motion for summary judgment, finding that the October dismissal was controlling and, as such, appellant exceeded the one-year savings statute. Appellant's case, number 96-3432, was dismissed and this appeal ensued.
Appellant sets forth the following assignments of error:
 "I. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT SINCE, AS A MATTER OF LAW, THE CLERK OF THE COMMON PLEAS COURT DOES NOT HAVE THE AUTHORITY TO ALTER A DOCUMENT ONCE IT HAS BEEN RECEIVED AND FILE STAMPED BY ITS OFFICE.
 "II. THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT WHERE THE CLERK OF THE COMMON PLEAS COURT ALTERED THE CASE NUMBER ON APPELLANT'S OCTOBER 26, 1994 NOTICE OF VOLUNTARY DISMISSAL IN CONTRAVENTION OF THE TRIAL COURT'S CASE CONSOLIDATION ORDER OF THE TRIAL COURT'S CASE CONSOLIDATION ORDER OF NOVEMBER 8, 1994."
A judgment is effective only when entered by the clerk upon the journal. Civ.R. 58(A). See, also, Atkinson v. GrummanOhio Corp. (1988), 37 Ohio St.3d 80, 82-83. And, it is axiomatic that the court speaks only through its journal. Fogle v. Steiner
(1995), 74 Ohio St.3d 158, 163.
The Lucas County Court of Common Pleas requires that "[a]ll papers filed with the clerk of courts in any action or proceeding shall be filed by case number * * *." Gen.R. 1.04(A). Hence, in order for an entry to become effective, it must have the correct case number on it and be entered by the clerk upon the journal for that case.
In this case, the trial court consolidated three cases into one and ordered that all future pleadings be filed under the lowest case number, 94-1703. The trial court could have transferred the cases to one judge's docket and ordered that, although related, the cases were not consolidated for purposes of trial. In such an instance, the cases would maintain their individual case numbers and future filings would be placed on the journal for each case. Such an order, however, was not entered in this case. The effect of the trial court's order was to merge the three cases into one, thereby effectively wiping out the other two case numbers.
Appellant argues on appeal that the clerk exceeded his authority by altering the October 26, 1995 dismissal entry once it had been received and file stamped. Additionally, although a dismissal filed pursuant to Civ.R. 41(A)(1)(a) is a "self-executing" document which becomes effective upon filing, see, Gardner v.Gleydura (1994), 98 Ohio App.3d 277, the dismissal must nevertheless be properly filed with the clerk and journalized. As such, appellant argues that the October 26, 1995 dismissal had no effect because it was not properly filed, in that it contained the wrong case number.
Pursuant to R.C. 2303.09, the clerk of the court of common pleas "shall file together and carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding." Clearly, the clerk has no authority to change the substantive content of a filing, but, insofar as the clerk uses case numbers to maintain the cases, see, Gen.R.1.04(A), we find that the clerk does not exceed his or her authority in correcting clerical errors relating to the case number. To find otherwise would interfere with the clerk's duty to file together and carefully preserve all papers delivered to him.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred in granting appellees summary judgment when the altered notice of voluntary dismissal was not given the consolidated case number, 94-1703.
Although we find the clerk did have the authority to alter the case number of appellant's dismissal, we find that the alteration did not act to dismiss appellant's cause of action. Appellant's original cause of action, case number 94-2341, was consolidated with 94-1703 and the trial court ordered all future pleadings to be filed under that case number. Therefore, in order to dismiss appellant's cause of action, a voluntary dismissal must have been entered on the journal of case number 94-1703. The voluntary dismissals placed on the journal of 94-2341 had no effect on appellant's cause of action which was then numbered 94-1703.
Accordingly, the trial court erred in dismissing appellant's complaint on the basis that was not filed within one-year from the voluntary dismissal. Moreover, we find that there has been no showing that appellant's cause of action was dismissed under 94-1703. Appellant's second assignment of error is therefore found well-taken.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. Pursuant to App.R. 12(B), this court denies appellees' motion for summary judgment. This matter is remanded to the trial court for further proceedings. Costs of this appeal to be paid by appellees.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.