[Cite as *Carbone v. Austintown Surgery Ctr., L.L.C.*, 2010-Ohio-1314.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MARIO CARBONE, | ) | |
| | ) | CASE NO. 09 MA 35 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| AUSTINTOWN SURGERY CENTER, | ) | |
| LLC, aka AUSTINTOWN HEALTHCARE | ) | |
| CENTER, INC., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:    Civil Appeal from Common Pleas
Court, Case No. 07CV2327.


JUDGMENT:                   Affirmed.


APPEARANCES:
For Plaintiff-Appellant:        Attorney William C.H. Ramage
4822 Market Street, Suite 220
Youngstown, OH  44512

For Defendants-Appellees:       Attorney Steven G. Janik
Attorney Kelly Rogers
Attorney Jason Winter
Janik, Dorman & Winter LLP
9200 South Hills Blvd., Suite 300
Cleveland, OH  44147-3521


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  March 25, 2010

DeGenaro, J.

{¶1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Mario Carbone, appeals the decision of the Mahoning County Court of Common Pleas denying his Civ.R. 60(B) motion to vacate the court's order granting summary judgment in favor of Defendants-Appellees, Austintown Surgery Center, and Diane M. Lefoer, R.N. in a medical malpractice action.

{¶2} On appeal, Carbone argues that the court abused its discretion by denying the Civ.R. 60(B) motion for several reasons. First, he claims the summary judgment motion filed by Appellees was never properly before the trial court because Appellees did not request leave to file the motion and because the trial court never ruled on Carbone's motion to enlarge discovery. Carbone contends the court should have vacated its order granting summary judgment for these reasons. However, these arguments were never raised in the trial court and in any event are wholly meritless.

{¶3} Second Carbone argues that the trial court abused its discretion in denying Carbone's Civ.R. 60(B) motion because his failure to attend the summary judgment hearing was due to excusable neglect and because he has a meritorious claim against Appellees. However, Carbone's failure to attend the hearing does not constitute excusable neglect, and moreover Carbone failed to give any reason as to why he failed to file a response brief to Appellees' motion for summary judgment. In addition, Carbone does not have a meritorious claim because his complaint was untimely re-filed pursuant to Ohio's savings statute, R.C. 2305.19. The trial court properly denied Carbone's Civ.R. 60(B) motion, and accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶4} On July 14, 2005, Carbone filed a complaint against the Surgery Center and Lefoer in the Mahoning County Court of Common Pleas. Carbone alleged that while he was a patient at the Surgery Center on July 30, 2004, Lefoer negligently placed an intravenous needle into the radial nerve of his left wrist, rather than in a vein, thereby causing him pain, numbness and loss of function of his left hand. On April 18, 2006, Carbone voluntarily dismissed his complaint, pursuant to Civ.R. 41(A)(1), without

prejudice, but "reserving all rights to refile within cause within one (1) year of the date of this filing." The trial court journalized a dismissal order on July 28, 2006.

{¶5}   Carbone refiled his complaint on June 28, 2007, attaching an affidavit of merit in support of his claims. Appellees filed a joint answer. On April 9, 2008, the case was called for a pre-trial conference, and the magistrate issued a pre-trial order setting a September 8, 2008 discovery deadline for Carbone and an October 1, 2008 discovery deadline for Appellees. In addition, the order specified that the identity of experts, along with a report of their testimony must be disclosed to opposing counsel by those dates. Further, it ordered all dispositive motions be filed by November 1, 2008. Final pre-trial and trial dates were also set.

{¶6}   On September 16, 2008, Carbone filed a motion to enlarge discovery time, and on September 30, 2008, Appellees filed a brief in opposition thereto. On September 17, 2008, Appellees filed a motion to extend all remaining case management dates with the exception of the final pre-trial and trial, for at least ninety days. Appellees noted that as of September 8, 2008, Carbone's discovery cut-off date, Carbone had failed to propound any discovery requests on them nor had he requested the deposition of Lefoer or any other defense witnesses. Further, they noted that Carbone had failed to identify any expert witnesses of his own or submit any expert reports. From the docket, it does not appear that the court ever specifically ruled on these two motions.

{¶7}   On September 18, 2008, Appellees filed a motion pursuant to Civ.R. 35(A) requesting an order compelling Carbone to submit to an independent medical examination. That same day, Appellees filed a motion for summary judgment, on two separate grounds: (1) that Carbone failed to refile his action in a timely manner pursuant to Ohio's savings statute, R.C. 2305.19; and (2) that by failing to provide expert testimony as required in a medical malpractice action Carbone had failed to satisfy his burden of proof.

{¶8}   On October 2, 2008, the trial court granted Appellees' motion for an order compelling Carbone to submit to an independent medical exam. The court ordered Carbone to submit to this examination by October 17, 2008.

{¶9}   On October 14, 2008, Carbone filed a motion for extension of time to obtain and provide an expert report.  For cause, Carbone stated "that the medical expert who reviewed his case, Dr. Janice Katz, was in the process of moving cross-country during the time frame in which her report was to be obtained."  Appellees opposed this request.  It does not appear from the docket that the trial court specifically ruled on this motion.

{¶10}   A summary judgment hearing was twice set for hearing, but continued at the request of Carbone until December 8, 2008.

{¶11}   On December 17, 2008, the trial court granted Appellees' motion for summary judgment.  The court noted that Carbone failed to file a response to the motion, and moreover, that neither Carbone nor his counsel had appeared at the summary judgment hearing.

{¶12}   On December 26, 2008, Carbone filed a motion to vacate pursuant to Civ.R. 60(B).  Carbone claimed that he had inadvertently failed to appear at the motion hearing because "the calendar of Plaintiff's attorney for that date was marked in such a way that it appeared the hearing had been cancelled or postponed, and, by mistake, counsel for Plaintiff misread the calendar and believed that the hearing had been cancelled or postponed."  Carbone further asserted that he has a valid defense to the motion for summary judgment and a valid claim against Appellees on the merits of the case.  Carbone attached a brief in opposition to Appellees' motion for summary judgment.  This belated response was the first response Carbone had made to Appellees' summary judgment motion.  Carbone also attached his own affidavit in support, along with an expert report authored by Kenneth Cowens M.D. that was critical of the medical treatment provided to Carbone by Appellees.

{¶13}   Appellees filed a brief in opposition to the motion to vacate, arguing that Carbone's counsel's failure to attend the hearing on the motion for summary judgment did not constitute excusable neglect, nor was it the sole basis of the trial court's grant of summary judgment in favor of Appellees.  Appellees also argued that Carbone did not have a meritorious claim to support vacation of the grant of summary judgment because the complaint was not timely refiled pursuant to Ohio's savings statute.  Finally, Appellees

argued that Dr. Cowens's expert report was insufficient to establish a prima facie case of medical malpractice. Carbone filed a reply brief in support of his Civ.R. 60(B) motion which merely reiterated the arguments set forth in the original motion.

{¶14} By entry of January 28, 2009, after considering the arguments and the relevant case law and statutory law, the trial court overruled Carbone's motion to vacate and dismissed Carbone's claim.

### Ruling on the Civ.R. 60(B) Motion

{¶15} Both of Carbone's assignments of error challenge the trial court's ruling on his motion to vacate, pursuant to Civ.R. 60(B), which states, in pertinent part:

{¶16} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." Civ.R. 60(B).

{¶17} "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, citing *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, at paragraph two of the syllabus. See, also, *Strack v. Pelton* (1997), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. "These requirements are independent and in

the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Id.

{¶18} When reviewing a trial court's decision regarding a Civ.R. 60(B) motion an appellate court will not reverse that decision unless the trial court abuses its discretion. *State ex rel. Russo v. Deters* (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Id.

{¶19} In his first of two assignments of error, Carbone asserts:

{¶20} "The trial court committed error prejudicial to the Appellant when it failed to vacate its judgment which was filed on December 17, 2008 for the reason that the Plaintiff's summary judgment motion which was the basis of the order was not properly before the court."

{¶21} Carbone claims that, pursuant to Civ.R. 56(A), Appellees' summary judgment motion was never properly before the trial court, and that the court abused its discretion in denying his motion to vacate for this reason. However, Carbone failed to raise this issue within his Civ.R. 60(B) motion to the trial court. Rather, in that motion he argued, pursuant to Civ.R. 60(B)(1), that the court should vacate its order granting summary judgment because his failure to attend the summary judgment hearing was purportedly due to excusable neglect, and because he alleged to have a meritorious claim against Appellees. As such, the Civ.R. 56(A) argument is waived absent plain error. See, e.g., *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, 828 N.E.2d 1021, at ¶74; *Vermeer of S. Ohio, Inc. v. Argo Constr. Co.* (2001), 144 Ohio App.3d 271, 275, 760 N.E.2d 1. The plain error doctrine is rarely invoked in civil cases and moreover is discretionary on the part of the reviewing court.

{¶22} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, at paragraph one of the syllabus. In *Goldfuss*, the Court explained that

the doctrine shall only be applied in extremely unusual circumstances where the error complained of, if left uncorrected, would have a material adverse effect on the character of and public confidence in judicial proceedings. Id. at 121. The Court continued that the public's confidence is rarely upset merely by forcing civil litigants to live with the errors they themselves or the attorney chosen by them committed at trial. Id. at 121-122.

**{¶23}** We conclude that the trial court committed no error, let alone plain error, in this instance. Civ.R. 56(A) provides in part that "[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Carbone contends that because final pretrial and trial dates had been set and Appellees failed to obtain leave prior to filing their motion for summary judgment, the motion was never properly before the trial court pursuant to Civ.R. 56(A).

**{¶24}** Carbone is incorrect for several reasons. First, although trial and pre-trial dates were set during the initial pretrial scheduling order, in that same order the court also designated November 1, 2008 as the deadline for filing dispositive motions. Appellee's motion for summary judgment was filed on September 18, 2008, well before the deadline. Further, a trial court's grant of a motion for summary judgment, which was filed without first obtaining leave, indicates the court implicitly granted leave. *Coney v. Youngstown Metro. Hous. Auth.*, 7th Dist. No. 00-C.A.-251, 2002-Ohio-4371, at ¶42. See, also, *Juergens v. Strang, Klubnik & Assoc., Inc.* (1994), 96 Ohio App.3d 223, 234, 644 N.E.2d 1066 (holding that "[t]he acceptance of the motion by the court after the case has been set for pretrial is in itself by leave of court albeit without the formal writing saying 'I seek the leave of court.'"). Accordingly, Appellees' motion for summary judgment was properly before the trial court and Carbone's first assignment of error is meritless.

**{¶25}** In his second assignment of error, Carbone asserts:

**{¶26}** "The trial court committed error prejudicial to Appellant when it failed to vacate its order filed on December 17, 2008 because Appellant had presented substantial evidence in a timely motion that established that it had a valid claim against Appellees, that its failure to attend a hearing on Appellee's motion was due to excusable neglect, and that Appellees motion for summary judgment which was the basis of the court's ruling was

premature and should have been overruled on its face."

{¶27} Carbone makes two distinct arguments within this assignment of error. First, he contends the trial court erred in denying his Civ.R. 60(B) motion because the court never ruled on his motion to extend the discovery deadlines prior to granting summary judgment. In essence, he contends that the trial court's ruling on Appellees' motion for summary judgment was premature. Again, Carbone failed to raise this argument in the trial court and we review for plain error only.

{¶28} The trial court committed no error by ruling on the summary judgment motion without ruling on Carbone's motion to extend discovery. The court's ruling on the summary judgment motion was not premature, because Carbone failed to avail himself of the procedures contained in Civ.R. 56(F).

{¶29} As this court held in *Kristian v. Youngstown Orthopedic Assoc.,* 7th Dist. No. 03 MA 189, 2004-Ohio-7064:

{¶30} "Civ.R. 56 does not mandate that full discovery be completed before a motion for summary judgment may be granted. * * * If a motion for summary judgment has been filed before the plaintiff has an opportunity to learn the facts of the case sufficient to oppose a motion for summary judgment, Civ.R. 56(F) provides a specific remedy:

{¶31} "'Should it appear *from the affidavits* of a party opposing the motion for summary judgment that the party cannot *for sufficient reasons* stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.' (Emphasis added.)" Id. at ¶14-17.

{¶32} Importantly, "an appellant who failed to seek relief under Civ.R. 56(F) in the trial court has not preserved his rights thereto for purposes of appeal." *Petty v. Mahoning Women's Centre, Inc.* (Feb. 15, 1995), 7th Dist. No. 93 C.A. 32, at *3-4, quoting *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 523 N.E.2d 902, at paragraph four of the syllabus.

{¶33} In the present case, Carbone failed to seek relief under Civ.R. 56(F). He did

not file an affidavit alleging he lacked sufficient evidence to oppose Appellees' summary judgment motion and requesting that the trial court either delay deciding the motion or refuse to decide it. In fact, Carbone failed to file any response to Appellees' motion for summary judgment. He finally attempted to file such a brief but this was not until after the trial court had granted summary judgment and Carbone had filed his Civ.R. 60(B) motion. Thus, Carbone cannot now claim on appeal that trial court prematurely granted summary judgment.

**{¶34}** Second, Carbone contends the trial court abused its discretion in denying his Civ.R. 60(B) motion because his failure to appear at the summary judgment hearing was due to excusable neglect, and because he has a meritorious claim against Appellees.

**{¶35}** Both contentions are meritless. The trial court did not abuse its discretion by finding there was no excusable neglect. Carbone claims he did not attend the hearing because he was confused about the date due to some sort of mishap with his calendar. He also seems to blame his confusion on the fact that the hearing date had been rescheduled several times. However, it was Carbone who requested those continuances. Further, even if Carbone's reason for failing to attend the summary judgment hearing could be considered excusable neglect, Carbone failed to explain his failure to file a responsive brief to Appellees' motion for summary judgment.

**{¶36}** Moreover, as indicated, in order to succeed on a Civ.R. 60(B) motion, the movant must also demonstrate that he has a meritorious claim or defense. See *Strack,* supra, at 174. In this case, Carbone has not satisfied this requirement, because his refiled complaint was untimely, pursuant to R.C. 2305.19(A).

**{¶37}** Carbone originally filed a complaint against Appellees in this matter on July 14, 2005. Carbone filed a notice of voluntary dismissal of the case, which he titled a "Motion to Dismiss," on April 18, 2006 which stated as follows:

**{¶38}** "Now Comes the Plaintiff, MARIO CARBONE, only, by and through his counsel, Mark A. Hanni, pursuant to Ohio Civil Rule 41(A)(1), and voluntarily dismisses his claim without prejudice, reserving all rights to refile within cause within one (1) year of

the date of this filing."

{¶39} Pursuant to the savings statute, Carbone could refile within one year after the date his claim failed "otherwise than upon the merits," or in other words, within one year after the date he dismissed his complaint pursuant to Civ.R. 41(A)(1). See R.C. 2305.19(A). Appellees contend that the operative date for savings statute purposes is April 18, 2006, when Carbone filed his motion for voluntary dismissal. Therefore, Appellees argue that Carbone had until April 18, 2007 to refile his complaint. Carbone insists that the operative date was July 28, 2006, the date the trial court journalized an entry indicating the matter had been voluntarily dismissed. Thus, according to Carbone, he had until July 28, 2007 to refile the action.

{¶40} Appellees are correct. The savings statute begins to run at the time the plaintiffs file a notice of voluntary dismissal. See *Gardner v. Gleydura* (1994), 98 Ohio App.3d 277, 279, 648 N.E.2d 537. In *Gardner*, the plaintiffs filed a Civ.R. 41(A)(1) voluntary dismissal notice on January 1, 1992, and the trial court journalized an entry indicating the matter had been voluntarily dismissed on February 11, 1992. On January 5, 1993, the plaintiffs refiled the action. The defendant filed a motion to dismiss and alternative motion for summary judgment, asserting that the action was not timely refiled, pursuant to the savings statute. The trial court granted dismissal and the plaintiffs appealed, arguing, as Carbone does here, that the savings statute began to run on the date the voluntary dismissal was journalized by the trial court. The Eighth District rejected this argument, holding that the savings statute began to run when the plaintiffs filed their notice of dismissal:

{¶41} The court reasoned that "[d]ismissals pursuant to Civ.R. 41(A)(1) are effectuated upon filing by the plaintiff; approval by the court is not necessary. 1 Baldwin's Ohio Civil Practice (1988) 317, Section T25.03. That is, '[t]he filing of the notice of dismissal automatically terminates the case without any intervention by the court. Absolutely no court approval is necessary.' Id. at 319. See, also, *Perdue v. Handelman* (1980), 68 Ohio App.2d 240, 241, 22 O.O.3d 398, 398-399, 429 N.E.2d 165, 166. The rule therefore contemplates unilateral action on the part of the plaintiff. *Clay Hyder*

*Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 240-241, 475 N.E.2d 183, 184-185." *Gardner* at 278-279.

**{¶42}** Thus, the fact that the trial court in the instant case journalized Carbone's voluntary dismissal notice on July 28, 2006 served to merely reiterate the fact that the case had been voluntarily dismissed. Id. Further, the fact Carbone titled his dismissal notice a "motion to dismiss" is immaterial. In *Perdue*, supra, the court held that a plaintiff's motion to dismiss without prejudice should have been treated as a voluntary dismissal, terminating the action immediately. Id. at 241.

**{¶43}** Thus, the deadline for Carbone to refile under the savings statute in this case was April 18, 2007, one year after he filed his motion for voluntary dismissal. However, Carbone did not refile his complaint until June 28, 2007, thus making it untimely. Therefore, Carbone cannot demonstrate he has a meritorious claim against Appellees. Carbone's second assignment of error is meritless.

**{¶44}** Based on the foregoing, the trial court's decision to deny Carbone's Civ.R. 60(B) motion was not an abuse of discretion. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.