[Cite as *Cheeks v. Wal-Mart Stores*, 2015-Ohio-3756.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MARC CHEEKS, et al., | ) | CASE NO. 15 MA 13 |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 14CV1432

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiffs-Appellants:     Atty. Donald P. Leone LPA
4800 Market Street, Suite D
Youngstown, Ohio 44512


For Defendant-Appellee:     Atty.Robert S. Yallech, Reminger Co.
Reminger Co., LPA
11 Federal Plaza Central, Suite 1200
Youngstown, Ohio 44503



JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  September 10, 2015

ROBB, J.

{¶1} Plaintiffs-Appellants Marc Cheeks and Antoinette Carter appeal the decision of Mahoning County Court of Common Pleas dismissing their complaint for being filed outside the one year savings statute. The issue in this appeal is whether the one year savings statute, R.C. 2305.19, begins to run on the date the Civ.R. 41(A) notice of dismissal is filed or on the date the trial court journalized an entry indicating the case has been voluntarily dismissed.

{¶2} For the reasons expressed below, the savings statute begins to run on the date the notice of voluntarily dismissal is filed. The trial court correctly dismissed the complaint because it was not filed within the one year savings statute. As such, the trial court's decision is affirmed.

### Statement of the Case

{¶3} On May 21, 2012, Appellants, through counsel, filed a complaint against Defendant-Appellee Wal-Mart Stores, Inc. sounding in wrongful detainer, punitive damages, and intentional inflection of emotional distress. This case was assigned case number 2012 CV 01532. On May 24, 2013, Appellants filed a Notice of Voluntary Dismissal pursuant to Civ.R. 41(A)(1)(a). The trial court affixed a stamp to that notice which stated, "IT IS SO ORDERED" and signed on the signature line of the stamp. The signed order is time stamped June 11, 2013.

{¶4} On June 10, 2014, Appellants, acting pro se, re-filed the complaint, which was assigned case number 2014 CV 01432. The complaint in 2014 CV 01432 is a duplicate of the complaint filed in 2012 CV 01532, except that instead of being signed by counsel it is signed by Appellants acting pro se.

{¶5} Appellee answered the complaint asserting as affirmative defenses violation of the statute of limitations and failure to state a claim upon which relief could be granted. 7/3/14 Answer. Approximately two weeks later, Appellee filed a Motion for Judgment on the Pleadings asserting the complaint was refiled outside the one year savings statute. 7/21/14 Motion. Appellee asserted that the savings statute began to run upon the filing of the Notice of Voluntary Dismissal, May 24, 2013. Appellants filed a Reply in Opposition to Motion for Judgment on Pleadings claiming

that the one year savings statute did not begin to run until June 11, 2013, the date the trial court's order stamp, "IT IS SO ORDERED", was journalized. 9/12/14 Reply.

**{¶6}** After reviewing the parties' arguments, the trial court granted the Motion for Judgment on the Pleadings and dismissed the complaint with prejudice for being filed outside the one year savings statute. 1/7/15 J.E.

**{¶7}** Appellants timely appealed.

<u>Assignment of Error</u>

"The trial court erred in granting defendant's motion to dismiss pursuant to Rule 41 Ohio Rules of Civil Procedure. Ruling that Plaintiff's refile their complaint outside the limits of the Ohio Saving statute revised code 2305.19. [sic]"

**{¶8}** Appellate courts generally review a trial court's entry of judgment on the pleadings de novo, allowing an independent review. *Holloway v. State*, 8th Dist. No. 100586, 2014-Ohio-2971, ¶ 11; *Quality Car & Truck Leasing, Inc. v. Pertuset,* 4th Dist. No. 11CA3436, 2013–Ohio–1964, ¶ 4. "Judgment on the pleadings is appropriate if, after construing all material allegations set forth in the complaint in favor of the nonmoving party, together with all reasonable inferences, the trial court finds, beyond doubt, that the non-moving party can prove no set of facts that entitle it to relief." *Quality Car & Truck Leasing, Inc.*

**{¶9}** In this case, Appellants filed a voluntary dismissal pursuant to Civ.R. 41(A) on May 24, 2013. The trial court stamped that notice, "IT IS SO ORDERED", and journalized it on June 11, 2013. Appellants attempted to utilize the savings statute, R.C. 2305.19, to refile the action on June 10, 2014.

**{¶10}** The savings statute provides:

(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations,

whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

R.C. 2305.19(A).

{¶11} Case law is clear, "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute." *Vitantonio v. Baxter*, 11th Dist. No. 2005-L-004, 2006-Ohio-1685, ¶ 11, quoting *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), paragraph two of the syllabus.

{¶12} Consequently, Appellants had the opportunity to use the savings statute and to refile the lawsuit. The question is whether the one year savings statute, R.C. 2305.19, begins to run on the date the notice of dismissal was filed or on the date the trial court journalized an entry indicating the case was voluntarily dismissed.

{¶13} This exact issue was decided by this court in 2010. *Carbone v. Austintown Surgery Ctr., L.L.C.*, 7th Dist. No. 09 MA 35, 2010-Ohio-1314. We held that the savings statute begins to run at the time the notice of voluntary dismissal is filed. *Id.* at ¶ 40. In doing so we cited the *Gardner* decision from the Eighth Appellate District. *Id.*, citing *Gardner v. Gleydura*, 98 Ohio App.3d 277, 279, 648 N.E.2d 537 (8th Dist.1994).

{¶14} The reasoning for the *Gardner* and *Carbone* decisions was that Civ.R. 41(A) dismissals are self-executing. *Carbone* at ¶ 41-42; *Gardner* at 279. "The filing of the notice of dismissal automatically terminated the case without any intervention by the court." *Gardner* at 279. In *Carbone*, we explained that the trial court's journalization of an order accepting the voluntary dismissal did not start the one year savings event; the act by the trial court merely served to reiterate the fact that the case had been voluntarily dismissed. *Carbone* at ¶ 42. Expounding upon that statement, we indicated that the one year time period for the savings statute began to run upon filing the notice of voluntary dismissal. *Id.* at ¶ 43.

{¶15} Following that decision, in 2012, this court reiterated the general effect of a voluntary dismissal. *Discover Bank v. Loncar*, 7th Dist. No. 11 MA 47, 2012-Ohio-4113, ¶ 13. The *Loncar* decision did not address the savings statute. However,

we did restate that dismissals under Civ.R. 41(A)(1)(a) are self-executing and no judgment by the court is required. *Id.* We further explained:

> The mere filing of the notice of voluntary dismissal by the plaintiff automatically terminates the case without intervention by the court. [*Selker & Furber v. Brightman*, 138 Ohio App.3d 710, 714, 742 N.E.2d 203 (8th Dist.2000).] In fact, if a court does acknowledge the dismissal by an order, the dismissal is not deemed effective upon the acknowledgment of the dismissal, but rather is effective upon the filing of the notice. *Holschuh v. Newcomb,* 11th Dist. No.2010–T–0129, 2011–Ohio–6205; *Thornton v. Montville Plastics & Rubber, Inc.,* 11th Dist. No.2006–G–2744, 2007–Ohio–3475, ¶ 3.

*Id.*

**{¶16}** Our sister districts agree a voluntary dismissal is self-executing and no action is required by the trial court. *State v. Bays*, 2d Dist. No. 2014-CA-24, 2015-Ohio-1935, ¶ 11 (not addressing savings statute); *Jones v. Natural Essentials, Inc.*, 11th Dist. No. 2015-P-0005, 2015-Ohio-1073, ¶ 3-4 (not addressing savings statute); *Herbert v. Farmer*, 12th Dist. No. CA2013-02-016, 2014-Ohio-877, ¶ 15 (addressing savings statute as it pertains to dismissal of some claims, but not all); *DeWalt v. Tuscarawas Cty. Health Dept.*, 5th Dist. No. 2012 AP 05 0031, 2012-Ohio-5294, ¶ 28-30 (not addressing savings statute); *Trill v. Sifuentes*, 6th Dist. No. S-10-036, 2011-Ohio-1400, ¶ 17 (not addressing savings statute, but stating, "Since a Civ.R. 41(A)(1)(a) dismissal is self-executing, 'the trial court's discretion is not involved in deciding whether to recognize the dismissal.'"); *Klosterman v. Turnkey-Ohio, L.L.C.*, 10th Dist. No. 10AP-162, 2010-Ohio-3620, ¶ 9 (not addressing savings statute but stating Civ.R. 41(A)(1) allows a plaintiff, without order of court); *Williams v. Thamann*, 173 Ohio App.3d 426, 2007-Ohio-4320, 878 N.E.2d 1070, ¶ 5 (1st Dist.) (not addressing savings statute); *Wheeler v. Ohio State Univ. Med. Ctr.*, 4th Dist. No. 03CA2922, 2004-Ohio-2769, ¶ 15 (not addressing savings statute).

**{¶17}** Considering the effect of a voluntary dismissal and our prior holding in *Carbone*, we hold that the one year savings statute begins to run on the filing of the notice of voluntary dismissal. Since the Civ.R. 41(A) voluntary dismissal was filed on

May 24, 2013, Appellants had until May 24, 2014 to refile the action. The refiling of the action on June 10, 2014 was untimely.

**{¶18}** For those reasons, the sole assignment of error lacks merit and the trial court's decision is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.

APPROVED:

_____
CAROL ANN ROBB, JUDGE