CLAY HYDER TRUCKING LINES, INC., APPELLANT, *v.* RILEY, APPELLEE.

(No. C-830579 — Decided May 23, 1984.)

Mr. *Edward J. Utz*, for appellant.
Mr. *David W. Doerner*, for appellee.

BLACK, J. Plaintiff, Clay Hyder Trucking Lines, Inc., brought suit to recover damages from defendant Franklin R. Riley, caused by a collision between an automobile and a tractor-trailer. Trial was set in municipal court for September 24, 1982 at 8:30 a.m. At 8:28 a.m. that morning, plaintiff unilaterally filed a document dismissing its action and paid court costs. This was done by Steve Wilson of the office of Edward J. Utz, counsel of record for the plaintiff.

Thereafter, Wilson went to the courtroom where the case was scheduled for trial. When the case was called at 9:10 a.m., Wilson informed the court that he was there to monitor the case but not to enter an appearance for plaintiff. Wilson failed to inform the court that he had filed a notice of dismissal and paid court costs. The court proceeded to try the case without any participation on behalf of plaintiff, on defendant's evidence only. Utz appeared in the courtroom sometime during the presentation of defendant's evidence and indicated to the court that a notice dismissing the case had been filed, but

the court did not allow him the opportunity to be heard until after completion of the "trial." At the conclusion of defendant's evidence, the court found for defendant and instructed defense counsel to prepare the proper entry.[1]

Plaintiff contends that because it dismissed the action before trial commenced, there was no matter before the court to be adjudicated. We agree. Under Civ. R. 41(A)(1)(a) a plaintiff has what we conceive to be an absolute right to dismiss his action, once, without prejudice, at any time before trial commences, unless the case involves a receiver, a class action, or a counterclaim.[2] Defendant does not argue with this rule, but claims that plaintiff's dismissal had no effect prior to service of notice on defendant as required by Civ. R. 5(A) and (D).

Civ. R. 5(A) provides that "* * * every written notice * * * shall be served upon each of the parties," and Civ. R. 5(D) adds that "* * * [p]apers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Thus, in general, service must be given to all parties when a written notice is filed, or the notice cannot be considered by the court. We hold, however, that Civ. R. 41(A)(1)(a) is an exception to this general rule. The traditional policy in Ohio has been to encourage voluntary terminations. The plain language of Civ. R. 41(A)(1)(a) gives plaintiff an absolute right to terminate his cause of action voluntarily and unilaterally at any time prior to commencement of trial. *Standard Oil Co.* v. *Grice* (1975), 46 Ohio App. 2d 97, 101 [75 O.O.2d 81]. We do not choose to encumber the right to one voluntary and unilateral dismissal by imposing on plaintiffs the requirement to serve notice upon opposing counsel before the dismissal can become effective. Under Civ. R. 41(A)(1)(a), the defendant had no power to stop plaintiff from obtaining its dismissal even if defendant had been served with the notice.

The court and the defendant were informed of the dismissal an hour after it was filed. It was a discourtesy to the court and opposing counsel to wait until after the "trial" commenced to notify them, once plaintiff had filed its notice of dismissal, and we neither condone nor approve of this conduct. Nevertheless, at 8:30 a.m., no action remained pending before the court, and the "trial" was a nullity. *Torres* v. *Sears, Roebuck & Co.* (1980), 68 Ohio App. 2d 87, 91 [22 O.O.3d 99].

---

[1] The court found for defendant at the end of the trial but later signed plaintiff's dismissal, which was entered September 28, 1982. The judgment for defendant was not entered until July 19, 1983. Due to this error, plaintiff's first appeal, docketed under No. C-820852, was dismissed because it was commenced prior to the journalization of the entry in favor of defendant, and there was no judgment on record from which plaintiff could appeal. Because the dismissal of September 28, 1982 was not abrogated or in any way changed by the entry of July 19, 1983, the dismissal appears to remain in effect on the record. That still leaves the question whether the dismissal is rendered ineffective by failure to serve notice on the defendant, a question which we answer in the negative.

[2] Civ. R. 41(A)(1) reads:

"Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) *by filing a notice of dismissal at any time before the commencement of trial* unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." (Emphasis added.)

226

The judgment for defendant below is reversed. Entering the judgment the trial court should have entered, we now dismiss plaintiff's action, without prejudice.

*Judgment reversed.*

SHANNON, P.J., and DOAN, J., concur.