OPINION *Page 2 
{¶ 1} Appellant Andrea Giles appeals from the April 30, 2007, decision of the Licking County Common Pleas Court granting in part Appellees Central Ohio Technical College, et al.'s motion for sanctions in the form of attorney fees based on frivolous conduct pursuant to R.C. § 2323.51.
 {¶ 2} Appellees have also filed a cross-appeal from the same April 30, 2007, as the denial of sanctions for trial counsel's voluntary dismissal of the action six days before the scheduled trial date and two weeks after stating to the trial court that he was prepared to proceed to trial.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On March 17, 2005, Plaintiff-Appellant/Cross-Appellee, Andrea Giles, commenced the underlying action against Defendants-Appellees/Cross-Appellants Central Ohio Technical College ("COTC"), Troy A. Fields ("Fields") and Bradley J. Ramsey ("Ramsey"), alleging that while enrolled in the police academy and criminal justice program at COTC, she was the subject of sexual harassment, solicitation, assault and other actions by Fields and Ramsey, and that COTC failed to protect her after learning of such activities. Appellant Giles alleged causes of action for civil assault, civil battery, intentional infliction of emotional distress, negligent hiring/retention/supervision, malicious prosecution, abuse of process, sexual harassment/discrimination and handicap discrimination.
 {¶ 4} On April 8, 2005, Appellees filed a Joint Answer denying Appellant's allegations. *Page 3 
 {¶ 5} On April 11, 2005, Appellees served Appellant with interrogatories and requests for admissions.
 {¶ 6} On May 25, 2005, Appellant served Appellees with responses to that discovery.
 {¶ 7} On July 27, 2005, Appellees filed a notice to take Appellant's deposition on August 26, 2005. The deposition took place on August 26, 2005, but was adjourned.
 {¶ 8} On September 13, 2005, Appellees filed a motion for sanctions based on Appellant's conduct during the deposition.
 {¶ 9} On November 9, 2005, Magistrate C. Daniel Hayes conducted an oral hearing on Appellees' motion for sanctions.
 {¶ 10} On November 29, 2005, the parties entered into an Agreed Order of Magistrate, requiring Appellant to produce all documents and tangible things, including witness statements and audiotapes, which she planned to use at trial.
 {¶ 11} Appellant produced various documents and audiotapes that were inventoried under seal with the trial court.
 {¶ 12} On December 6, 2005, Appellees filed a notice to resume the adjourned deposition of Appellant on January 18, 2006.
 {¶ 13} On February 10, 2006, Appellees then filed a Motion to Compel seeking to compel Appellant to sign medical authorizations for the release of her medical and mental health records, which the trial court granted by Judgment Entry filed on August 11, 2006.
 {¶ 14} In March 2006, Appellees' counsel took discovery depositions of Paul Kinser, Linda Wilson and Jenna Wright, who were witnesses identified by Appellant. *Page 4 
 {¶ 15} During the months of August and September, 2006, Appellant's counsel took depositions of Appellees Fields, Ramsey and several members of the COTC administration, including its President, Dr. Bonnie L. Coe. nl
 {¶ 16} On November 1, 2006, the trial court filed an Order setting the case for a jury trial to begin on December 12, 2006.
 {¶ 17} On September 6, 2006, Appellees served Appellant with supplemental discovery requests.
 {¶ 18} On September 11, 2006, Appellees served Appellant with their second set of interrogatories.
 {¶ 19} On October 30, 2006, Appellees filed a Motion to Compel discovery, and the trial court held an oral hearing on November 28, 2006.
 {¶ 20} The following day, November 29, 2006, the trial court filed a Judgment Entry indicating that discovery was complete, and the matter was scheduled to proceed to jury trial on December 12, 2006.
 {¶ 21} On December 6, 2006, Appellant filed a Dismissal Without Prejudice pursuant to Civ.R. 41(A).
 {¶ 22} On January 3, 2007, Appellees filed their Motion for An Award of Attorney's Fees and For Frivolous Conduct with the trial court
 {¶ 23} By Judgment Entry filed on April 30, 2007, the trial court found that Appellant and her counsel engaged in frivolous conduct and awarded Appellees $2,858.50 in fees jointly and severally against Appellant and her counsel. Additionally, the trial court found that Appellant engaged in frivolous conduct by attempting to *Page 5 
conceal her past medical and mental health history and awarded Appellees $1,547.50 in fees against Appellant.
 {¶ 24} The trial court's Judgment Entry filed on April 30, 2007, expressly provided that there was no just cause for delay.
 {¶ 25} It is from this judgment entry that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 26} "I. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF'S FAILURE TO PRODUCE SOME CORROBORATIVE EVIDENCE THROUGHOUT THE DISCOVERY PROCESS CONSTITUTED FRIVOLOUS CONDUCT AS DEFINED IN ORC § 2323.51, SUFFICIENT TO SUPPORT AN AWARD OF SANCTIONS THEREUNDER.
 {¶ 27} "II. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF'S FAILURE TO PROVIDE CERTAIN RESPONSES DURING HER DEPOSITIONS BY CLAIMING A LACK OF RECOLLECTION ABOUT HER PAST MEDICAL HISTORY CONSTITUTED FRIVOLOUS CONDUCT AS DEFINED IN ORC § 2323.51, SUFFICIENT TO SUPPORT AN AWARD OF SANCTIONS THEREUNDER."
 CROSS-APPEAL ASSIGNMENT OF ERROR {¶ 28} "I. THE TRIAL COURT ERRED BY REFUSING TO FIND THAT APPELLANT'S COUNSEL ENGAGED IN FRIVOLOUS CONDUCT BY REPRESENTING IN OPEN COURT THAT HE WAS PREPARED TO GO FORWARD *Page 6 
WITH THE TRIAL AND THEREAFTER VOLUNTARILY DISMISSING THE CASE DAYS BEFORE TRIAL."
 I. {¶ 29} In Appellant's first assignment of error, she argues that the trial court erred in finding that her failure to produce some corroborative evidence throughout the discovery process constituted frivolous conduct as defined in R.C. § 2323.51.
 {¶ 30} More specifically, Appellant argues that R.C. § 2323.51 does not address discovery issues and that Appellee should have brought its motion pursuant to Civ.R. 37. We disagree
 {¶ 31} Revised Code § 2323.51 grants a trial court the authority to award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal, who was adversely affected by frivolous conduct.
 {¶ 32} Revised Code § 2323.51 provides:
 {¶ 33} "Definitions; award of attorney's fees as sanction forfrivolous conduct
 {¶ 34} "(A) As used in this section:
 {¶ 35} "(1) "Conduct" means any of the following:
 {¶ 36} "(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action;
 {¶ 37} "(b) The filing by an inmate of a civil action or appeal against a government entity or employee, the assertion of a claim, defense or other position in *Page 7 
connection with a civil action of that nature or the assertion of issues of law in an appeal of that nature, or the taking of any other action in connection with a civil action or appeal of that nature.
 {¶ 38} "(2) "Frivolous conduct" means either of the following:
 {¶ 39} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
 {¶ 40} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 {¶ 41} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 {¶ 42} "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
 {¶ 43} "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.
 {¶ 44} " * * *
 {¶ 45} "(4) "Reasonable attorney's fees" or "attorney's fees," when used in relation to a civil action or appeal against a government entity or employee, includes both of the following, as applicable: *Page 8 
 {¶ 46} "(a) The approximate amount of the compensation, and the fringe benefits, if any, of the attorney general, an assistant attorney general, or special counsel appointed by the attorney general that has been or will be paid by the state in connection with the legal services that were rendered by the attorney general, assistant attorney general, or special counsel in the civil action or appeal against the government entity or employee, including, but not limited to, a civil action or appeal commenced pro se by an inmate, and that were necessitated by frivolous conduct of an inmate represented by counsel of record, the counsel of record of an inmate, or a pro se inmate.
 {¶ 47} "(b) The approximate amount of the compensation, and the fringe benefits, if any, of a prosecuting attorney or other chief legal officer of a political subdivision, or an assistant to a chief legal officer of those natures, who has been or will be paid by a political subdivision in connection with the legal services that were rendered by the chief legal officer or assistant in the civil action or appeal against the government entity or employee, including, but not limited to, a civil action or appeal commenced pro se by an inmate, and that were necessitated by frivolous conduct of an inmate represented by counsel of record, the counsel of record of an inmate, or a pro se inmate.
 {¶ 48} * * *
 {¶ 49} "(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by *Page 9 
frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.
 {¶ 50} "(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:
 {¶ 51} "(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 {¶ 52} "(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
 {¶ 53} "(c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. If any party or counsel of record who allegedly engaged in or allegedly was adversely affected by frivolous conduct is confined in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or *Page 10 
workhouse, the court, if practicable, may hold the hearing by telephone or, in the alternative, at the institution, jail, or workhouse in which the party or counsel is confined.
 {¶ 54} "(3) The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:
 {¶ 55} "(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;
 {¶ 56} "(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party.
 {¶ 57} "(4) An award made pursuant to division (B)(1) of this section may be made against a party, the party's counsel of record, or both.
 {¶ 58} " * * * "
 {¶ 59} As stated above, "frivolous conduct", as defined in R.C. § 2323.51 (A)(2), includes conduct which "serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation", R.C. § 2323.51 (A)(2)(a)(i), or conduct " * * * not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. § 2323.51(A)(2)(a)(ii). *Page 11 
 {¶ 60} The question of what constitutes frivolous conduct may be either a factual determination, or a legal determination. Wiltberger v.Davis (1996), 110 Ohio App.3d 46. A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. Lable Co. v. Flowers (1995),104 Ohio App.3d 227, 233. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. Wiltberger, supra, at 51-52. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations and will not disturb such factual determinations where the record contains competent, credible evidence to support such findings. Id.
 {¶ 61} Where a trial court has found the existence of frivolous conduct, the decision whether or not to assess a penalty lies within the sound discretion of the trial court. Id. at 52. Abuse of discretion requires more than simply an error of law or judgment, implying instead that the court's attitude is unreasonable, arbitrary or unconscionable.Tracy v. Merrell-Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147,152. Furthermore, R.C. § 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. Stone v. House of Day Funeral Serv.,Inc. (2000), 140 Ohio App.3d 713.
 {¶ 62} In the case sub judice, the trial court found that Appellant and her counsel "continually failed to produce any corroborative materials on which they were basing their claims for relief." The trial court went on to find that:
 {¶ 63} "If any of these events had occurred in isolation, the Court would not find any frivolous conduct on the part of Plaintiff or her counsel. But, when Plaintiff and her *Page 12 
counsel failed to produce corroborative evidence throughout the entire discovery process and allegedly discovered them only after the discovery period had ended, they caused unnecessary delay and needless expense for Defendants." (4/30/07 Judgment Entry at 7).
 {¶ 64} The trial court found that Appellant and counsel failed to comply with document requests; provided inconsistent answers as to what documents Appellant had in her possession; failed to provide those documents which were promised per the agreed order of November 29, 2005, in relation to the motion for sanctions; and failed to respond to requests for supplemental responses, interrogatories and identification of witnesses.
 {¶ 65} Upon review, we find that the trial court's determination that Appellant and her counsel had engaged in conduct which caused unnecessary delay or a needless increase in the cost of litigation is supported by the record. We further find no abuse of discretion in the trial court's decision to assess a penalty against Appellant and her counsel based on such conduct.
 {¶ 66} Appellant's first assignment of error is therefore overruled.
 II. {¶ 67} In Appellant second assignment of error, she argues that the trial court erred in finding that Plaintiff's failure to provide certain responses during her depositions by claiming a lack of recollection about her past medical history constituted frivolous conduct as defined in R.C. § 2323.51. We disagree. *Page 13 
 {¶ 68} Appellant, in her Complaint, made claims for mental anguish and/or intentional infliction of emotional distress. As such, Appellant put her mental health directly at issue.
 {¶ 69} In its April 30, 2007, Judgment Entry, the trial court found that Appellant refused to sign a consent form to allow Appellees to obtain copies of her mental health records of her treatment at Shepherd Hill Hospital and Moundbuilders Guidance Center. The trial court also referenced Appellant's failure to provide complete answers to interrogatories concerning her medical/mental health history, failing even to provide the name of a single physician; Appellant's opposition to Appellees' motion to compel discovery regarding her mental health history; and Appellant's false testimony concerning her treatment at Moundbuilders.
 {¶ 70} The trial court further found that Appellant did not dispute the above facts, instead arguing that she had ADHD and "is neither as sophisticated, organized, educated, [n]or intelligent as defense counsel who had no patience [or] understanding for her lack of instant recollection."
 {¶ 71} With regard to Appellant's claims of a lack of recollection about her past medical history, the trial court concluded that Appellant "attempted to hide information and prevent its disclosure" and further that she "attempted to thwart the efforts of the defense to obtain relevant medical and mental health records by attempting to hide discoverable information about her past medical and mental health history."
 {¶ 72} Upon review, we find that the trial court's determination that Appellant had engaged in frivolous conduct is supported by the record. We further find no abuse of *Page 14 
discretion in the trial court's decision to assess a penalty against Appellant based on such conduct.
 {¶ 73} Accordingly, Appellant's second assignment of error is overruled.
 Cross-Appeal I. {¶ 74} In their sole assignment of error, Cross-Appellants argue that the trial court erred in not finding that trial counsel for Cross-Appellee engaged in frivolous conduct by representing in open court that he was prepared to go forward with the trial and thereafter voluntarily dismissing the case days before trial. We disagree.
 {¶ 75} Cross-Appellants argue that opposing counsel's assertion on November 28, 2006, that he was prepared to proceed to trial on December 12, 2006, caused them to incur significant expense in preparation for trial up to the Civ.R. 41(A) dismissal filed on December 6, 2006.
 {¶ 76} Under Civ.R. 41(A)(1)(a), a plaintiff, without an order from the court, may dismiss all claims asserted against a defendant by filing a notice of dismissal at any time before the commencement of trial, unless a counterclaim that cannot remain pending for independent adjudication by the court has been properly asserted by the defendant. A dismissal under Civ.R. 41(A)(1)(a) is self-executing and gives a plaintiff an absolute right to terminate his action voluntarily and unilaterally at any time prior to trial. See Andrews v. Sajar Plastics,Inc. (1994), 98 Ohio App.3d 61, 66, 647 N.E.2d 854, citing Clay HyderTrucking Lines, Inc. v. Riley (1984), 16 Ohio App.3d 224, 225,16 OBR 240, 475 N.E.2d 183. The dismissal is without order of the court, and notice to opposing counsel is not required. Id. *Page 15 
 {¶ 77} We therefore find that the trial court did not err in finding that Cross-Appellee's conduct in dismissing her case was not frivolous conduct and therefore did not err in denying that prong of Cross-Appellants' motion for sanctions
 {¶ 78} Cross-Appellants' sole assignment of error is overruled.
 {¶ 79} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 By: Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1