[Cite as *Wagner v. Cormeg, Inc.*, 2011-Ohio-1205.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BRIAN WAGNER | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2010 CA 00134 |
| CORMEG, INC., et al. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:   Civil Appeal from the Court of Common
                           Pleas, Case No. 2009 CV 01119


JUDGMENT:                  Reversed


DATE OF JUDGMENT ENTRY:    March 14, 2011


APPEARANCES:

For Appellant Jack Morrison, Jr.          For Defendants-Appellees

THOMAS R. HOULIHAN                        LORRIE E. FUCHS
AMER CUNNINGHAM CO., LPA                  Post Office Box 35787
159 South Main Street, Suite 1100         Canton, Ohio  44735-5787
Akron, Ohio  44308-1322

*Wise, J.*

{¶1}    Appellant Jack Morrison, Jr., Attorney for Plaintiff Brian Wagner, appeals the May 4, 2010, decision of the Stark County Court of Common Pleas, adopting the January 5, 2010, Magistrate's Decision, granting Defendant-Appellee's motion for sanctions and finding that his conduct was frivolous.

## STATEMENT OF THE CASE AND FACTS

{¶2}    On March 30, 2007, Brian Wagner was at Miller's Tavern, owned by Appellee Cormeg, Inc., when he was  assaulted by another bar patron. (T. at 32). The beating was so severe that Wagner suffered broken bones and spent five days in the hospital. (T. at 62).

{¶3}    Wagner retained Attorney Jack Morrison, Jr. to represent him to seek compensation for his injuries as a result of the above incident.  Wagner reported to Morrison that a bar patron, later determined to be Calvin Lint, appeared intoxicated when the bartender, Joneen Furbay, was serving him alcohol. (T. at 62). Wagner reported to Morrison that he was assaulted at Miller's Tavern on March 30, 2007, that Furbay was the bartender, and that he had picked out the assailant in a photo line-up. (T. at 61-62).

{¶4}    Atty. Morrison stated that he took several steps to gather factual material concerning the underlying incident. Morrison obtained a copy of the police report, followed the criminal proceedings against Lint, spoke with the Prosecutor, and obtained statements of the parties involved from the Prosecutor. (T. at 19). Morrison also made several attempts to talk to eyewitnesses Dan Watkins and Clinton Bressler, whose

statements were contained in the Prosecutor's file, but they would not return his calls. (T. at 42-43).

{¶5} On March 13, 2008, on the basis of the information he gathered, Atty. Morrison drafted and filed a complaint against Defendant Cormeg, Furbay, and Lint. Morrison was unable to locate Lint to obtain service on him, and because Wagner was out of state on a job assignment, he was unavailable to provide a deposition. (T. at 21-22). As a result, Morrison voluntarily dismissed the matter on June 23, 2008. (T. at 22).

{¶6} Morrison made further efforts to find Lint, and then re-filed the case on March 19, 2009. (T. at 22). Morrison conducted discovery and took depositions. (T. at 27). The matter proceeded, and on August 27, 2009, Morrison noticed the deposition of a medical expert for September 8, 2009.

{¶7} On August 27, 2009, Cormeg filed a Motion for Summary Judgment. As part of Cormeg's summary judgment motion, Cormeg attached the affidavits of two eyewitnesses, Watkins and Bressler. These affidavits were inconsistent with statements made by these witnesses to the Prosecutor. (T. at 30).

{¶8} The trial court scheduled a non-oral hearing for September 14, 2009, on the motion for summary judgment.

{¶9} On September 8, 2009, the day of the scheduled medical deposition, Morrison sat down with Wagner and told the client about the summary judgment motion and supporting affidavits. (T. at 31).

{¶10} Morrison states that at this time he explained to Wagner the change in testimony of Watkins and Bressler, the risks of going forward to trial and the cost of medical testimony. (T. at 34-35). Morrison told Wagner that he believed that Wagner's

case was likely to survive summary judgment, but chances weren't good at trial if there were 3 or 4 people who were going to refute Wagner's recollection of the events. (T. at 36).

{¶11} In light of the new information, Morrison recommended to Wagner that he dismiss the case and Wagner gave him permission to do so. (T. at 36).

{¶12} Morrison states that he then cancelled the deposition scheduled for later that day, informing counsel for Cormeg approximately an hour and a half before the deposition. (T. at 50).

{¶13} On September 15, 2009, Morrison voluntarily dismissed the case.

{¶14} On November 4, 2010, Cormeg filed a Motion for Sanctions and attorney fees, claiming that Morrison's decision to file and maintain the suit was frivolous. Cormeg also complained about the short notice before the cancellation of the physician's deposition.

{¶15} On November 20, 2009, the magistrate held an oral hearing on the Motion for Sanctions, during which it heard arguments and testimony from Wagner, Atty. Morrison and counsel for Cormeg.

{¶16} On January 5, 2010, the magistrate entered a decision which found no frivolous conduct in filing or maintaining the suit, but finding that Atty. Morrison's decision to cancel the deposition was frivolous because it should have been made earlier. In support of its finding, the Magistrate explained:

{¶17} "With full knowledge of Dr. Cochran's scheduled deposition, Wagner's counsel did not take immediate action in speaking with Wagner regarding the merits of Cormeg's motion for summary judgment and/or the possibility of dismissing this action.

Instead, and without an appropriate and legitimate reason, Wagner's counsel did not meet with Wagner for such a discussion until the day of Dr. Cochran's deposition, which, notably, was only three days before Wagner's response to the motion for summary judgment would have been due. See Assignment Notice, filed September 1, 2009. This inaction purposely caused a needless increase in the cost of litigation for Cormeg. Accordingly, this Magistrate finds such action to constitute frivolous conduct in violation of R.C. 2323.51."

**{¶18}** The decision was adopted by the trial court, who co-signed the entry, as is permitted under Civ.R. 53(D)(4)(e)(1).

**{¶19}** On January 19, 2010, Morrison timely filed objections to such decision.

**{¶20}** The trial court, in a January 22, 2010, Order stated that it would hold the objections in abeyance until the magistrate held a hearing assessing the amount of sanctions.

**{¶21}** On February 1, 2010, Morrison filed the transcript of the November 9, 2009, hearing.

**{¶22}** On February 12, 2010, a hearing was conducted on the amount of sanctions.

**{¶23}** On February 16, 2010, the magistrate entered its opinion. This opinion was countersigned by the trial court judge as "approved and adopted," but it did not purport to dispose of the objections filed on January 19, 2010.

**{¶24}** Morrison then filed objections to the February 16, 2010 decision.

**{¶25}** On May 4, 2010, the court ruled upon both sets of objections.

{¶26} Appellant Jack Morrison, Jr. now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶27} "I. THE COURT OF COMMON PLEAS ERRED IN CONCLUDING THAT JACK MORRISON, JR.'S CONDUCT WAS FRIVOLOUS."

**I.**

{¶28} In his sole assignment of error, Appellant asserts that the trial court erred in finding frivolous conduct. We agree.

{¶29} Revised Code 2323.51(A)(2)(a)(i) defines "frivolous conduct" as that which "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation."

{¶30} As set forth above, the trial court herein adopted the Magistrate's Decision finding "that the actions by counsel for Wagner regarding the canceling of the deposition of Dr. Cochran to constitute such "frivolous conduct."

{¶31} The trial court found that Atty. Morrison had "full knowledge of Dr. Cochran's scheduled deposition" but failed to take immediate action to speak to his client "regarding the merits of Cormeg's motion for summary judgment and/or the possibility of dismissing this action." The trial court found that Atty. Morrison "[i]Instead, and without an appropriate and legitimate reason, … did not meet with Wagner for such a discussion until the day of Dr. Cochran's deposition, which, notably, was only three days before Wagner's response to the motion for summary judgment would have been due."

**{¶32}** The trial court further found that "prior to receiving such notice, counsel for Cormeg had invested significant time in preparing for Dr. Cochran's deposition. At the hearing in this matter, [Atty. Morrison] testified that the reason he was unable to give opposing counsel more advanced notice regarding Wagner's decision to dismiss the action was because Wagner traveled extensively for work and was out of communication for periods of time. As such, according to [Atty. Morrison], he was unable to speak with Wagner regarding the likelihood of success on his claims given the evidence presented in Cormeg's motion for summary judgment until hours before Dr. Cochran's scheduled deposition."

**{¶33}** However, after reviewing Wagner's deposition, the trial court found that Atty. Morrison's stated reasons for not discussing these matters with his client earlier were "not appropriate", finding that there was no evidence presented that Wagner was sent out to travel for work in at least the two and a half week period immediately prior to Dr. Cochran's scheduled deposition. It was based on these findings that the trial court concluded that Atty. Morrison's "inaction purposely caused a needless increase in the cost of litigation for Cormeg" and thus constituted frivolous conduct.

**{¶34}** This Court was presented with a similar case in *Giles v. Central Ohio Tech. College*, Licking App. No. 07-CA-69, 2008-Ohio-3428, wherein the Cross-Appellants argued that opposing counsel's assertion on November 28, 2006, that he was prepared to proceed to trial on December 12, 2006, caused them to incur significant expense in preparation for trial up to the Civ.R. 41(A) dismissal filed on December 6, 2006.

**{¶35}** In affirming the trial court's finding that such action did not constitute frivolous conduct, this Court held:

**{¶36}** "Under Civ.R. 41(A)(1)(a), a plaintiff, without an order from the court, may dismiss all claims asserted against a defendant by filing a notice of dismissal at any time before the commencement of trial, unless a counterclaim that cannot remain pending for independent adjudication by the court has been properly asserted by the defendant. A dismissal under Civ.R. 41(A)(1)(a) is self-executing and gives a plaintiff an absolute right to terminate his action voluntarily and unilaterally at any time prior to trial. See *Andrews v. Sajar Plastics, Inc.* (1994), 98 Ohio App.3d 61, 66, 647 N.E.2d 854, citing *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 475 N.E.2d 183. The dismissal is without order of the court, and notice to opposing counsel is not required. *Id.*

**{¶37}** "We therefore find that the trial court did not err in finding that Cross-Appellee's conduct in dismissing her case was not frivolous conduct and therefore did not err in denying that prong of Cross-Appellants' motion for sanctions."

**{¶38}** In the case sub judice, we likewise find that Wagner had an absolute right to voluntarily dismiss his case when he did. Such dismissal, in and of itself, therefore does not constitute frivolous conduct.

**{¶39}** Here, the trial court found that Attorney Morrison's delay in speaking with his client and the timing of the dismissal amounted to frivolous conduct finding that he "purposely caused a needless increase in the cost of litigation for Cormeg."

**{¶40}** "Purpose is defined in terms of a specific intention either to cause a certain result, or to engage in conduct of a certain nature regardless of what the

offender intends to accomplish through that conduct." R.C. §2901.22(A), 1973 Legislative Service Commission Notes.

{¶41} Upon review, while we find that Atty. Morrison's delay in speaking with his client, whatever the reason, did result in an increase in litigation costs for Cormeg, we fail to find that such inaction translates to frivolous conduct. However, we do not find sufficient evidence that such was done for the purpose of "causing unnecessary delay or a needless increase in the cost of litigation."

{¶42} In this case, we must look at the totality of the circumstances. The fact that the trial court did not find Appellant's explanation for the delay in filing his dismissal to be factual, is not sufficient, in and of itself, to infer or impute to Appellant specific malicious intent or "improper purpose" to cause "unnecessary delay or needless increase in the cost of litigation."

{¶43} Appellant's sole assignment of error is sustained.

{¶44} For the foregoing reasons, the judgment of the Common Pleas Court of Stark County, Ohio, is reversed.

By: Wise, J.
Hoffman, P. J., and
Edwards, J., concur.



_____

_____

_____

                                        JUDGES

JWW/d 0208

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BRIAN WAGNER                         :
                                     :
        Plaintiff                    :
                                     :
-vs-                                 :            JUDGMENT ENTRY
                                     :
CORMEG, INC., et al.                 :
                                     :
        Defendants-Appellees         :            Case No. 2010 CA 00134

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed.

Costs assessed to Appellees.

_____

_____

_____

                                              JUDGES