[Cite as *Lane v. Griffith*, 2019-Ohio-3442.]

# "IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| DANIEL LANE, et al, | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2019-A-0041** |
| ARLENE GRIFFITH, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CV 0779.

Judgment:  Affirmed.

*L. Bryan Carr*, Carr, Feneli & Carbone Co., L.P.A., 1392 S.O.M. Center Road, Mayfield Heights, OH  44124 (For Plaintiff-Appellants).

*Jane Timonere*, Timonere Law Offices, LLC, 4 Lawyers Row, Jefferson, OH  44047 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1}    Appellants, Daniel and Jodie Lane (collectively referred to as the "Lanes"), appeal the March 20, 2019 judgment of the Ashtabula County Court of Common Pleas, which denied the Lanes' motion for attorney fees and sanctions against appellee, Arlene Griffith ("Mrs. Griffith").  The trial court found Mrs. Griffith's conduct was neither unreasonable nor the result of frivolous conduct.

**{¶2}** The Lanes raise one assignment of error on appeal, arguing the trial court erred in overruling their motion for attorney fees and sanctions pursuant to Civ.R. 11 and R.C. 2323.51 because Mrs. Griffith and her counsel were dilatory, frivolous, and acted in bad faith since they had no defense to the Lanes' complaint.

**{¶3}** We find this argument unavailing and affirm the trial court's judgment since the case was settled through mediation and the claims of the complaint were voluntarily dismissed by the parties before any issues of fact or law were decided. Moreover, the docket does not support the Lanes' assertions that either Mrs. Griffith or her counsel acted in a dilatory manner or engaged in frivolous conduct in defending against the complaint.

### Substantive and Procedural History

**{¶4}** In November of 2017, the Lanes filed a complaint in the Ashtabula County Court of Common Pleas, alleging breach of contract and seeking specific performance of a real estate purchase agreement they entered into with Mrs. Griffith. They alleged that on September 19, 2017, Mrs. Griffith accepted the Lanes' offer to purchase her property, which is located adjacent to theirs. The Lanes further alleged that on October 26, 2017, Mrs. Griffith refused to close the transaction and convey the property. They requested an order requiring Mrs. Griffith to perform under the contract and for a judgment of damages, including the costs of the action and reasonable attorney fees.

**{¶5}** On January 2, 2018, the Lanes filed a "Motion for Entry of Default and Default Judgment." Mrs. Griffith sent a handwritten letter to the court approximately two weeks later informing the court that she did not want to sell her property. She explained that her husband had recently passed away and she was taken advantage of by the buyers and the real estate agent.

**{¶6}** Mrs. Griffith's counsel filed a notice of appearance and a motion to file an answer instanter on February 6, 2018, which the court granted the following day. The answer generally denied "any and all allegations that could, if true, result in a judgment for the Plaintiffs."

**{¶7}** Accordingly, the court issued an order cancelling the default hearing. In mid-March, a mediation was scheduled for June 13, 2018. In the interim, Mrs. Griffith timely responded to the Lanes' first set of discovery requests.

**{¶8}** Two days prior to the mediation, the Lanes filed a motion for summary judgment. The case, however, was resolved during the mediation. The real estate transaction closed, and the property was transferred to the Lanes on July 18, 2018. The mediator subsequently filed a report on August 16, 2018, stating that plaintiff's counsel would file an entry regarding the settlement. On August 23, 2018, the trial court gave the Lanes' counsel 30 days to file a final judgment entry or show cause why such an entry was not provided.

**{¶9}** On September 21, 2018, the Lanes filed a response, stating that a final judgment entry could not be filed because Mrs. Griffith was refusing to comply with her obligations under the purchase agreement by failing to pay for the pumping of the septic tank on the property as agreed in the addendum to the purchase agreement.

**{¶10}** Approximately one month later, the Lanes filed a motion for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11, alleging the eight-month "delay" (the time between the filing of the complaint and mediated resolution) in carrying out the specific performance of the contract was evidence of dilatory, frivolous conduct. In their brief in support, the Lanes alleged that "[g]iven the Defendant's (and her counsel's)

3

intentional delay and refusal to resolve the situation, the Plaintiffs were compelled to prosecute their case to conclusion."

{¶11} As evidence of Mrs. Griffith's counsel's frivolous conduct, the Lanes' counsel submitted his affidavit describing a phone call between himself and Mrs. Griffith's previous counsel, "Attorney Jonas," regarding when the real estate purchase agreement was expected to close. Also attached to their motion was a blank copy of the plaintiffs' first set of combined discovery requests propounded upon defendant, the original purchase agreement, an addendum to the purchase agreement that concerned the septic tank, a notice of Mrs. Griffith's deposition, plaintiff's motion for summary judgment, a letter from Attorney Jonas discussing a conversation she had with Mrs. Griffith's current counsel, and, lastly, an invoice for the entire case that the Lanes' counsel submitted to them.

{¶12} Mrs. Griffith filed a brief in opposition and her own motion for attorney fees and sanctions, arguing that the Lanes' arguments were addressed in the mediation process, and that as result of the mediation process, the purchase price had been reduced by $15,000 to reflect the attorney fees and any expenses caused by the delay in closing. Mrs. Griffith attached the Memorandum of Understanding prepared at the conclusion of the mediation, signed by both parties, which reflected the new purchase price, the date by which Mrs. Griffith agreed to vacate the property, and all other escrow instructions.

{¶13} The court issued a judgment entry on November 21, 2018, dismissing the case after finding the parties had resolved their differences by agreement, with the

exception of the motions for attorney fees and sanctions, which remained pending for adjudication.

{¶14} Thereafter, the Lanes filed a motion to strike, a response to Mrs. Griffith's motion for attorney fees, and a "notice of overage" motion. In turn, Mrs. Griffith filed a supplemental response in opposition to the Lanes' motion for attorney fees and sanctions.

{¶15} The court issued a judgment entry based upon the parties' briefs and exhibits, finding that Mrs. Griffith's conduct was neither unreasonable nor the result of frivolous conduct. The court overruled both the Lanes' motion for attorney fees and sanctions and Mrs. Griffith's motion for attorney fees based on the additional costs of responding to the Lanes' motion.

{¶16} The Lanes now timely appeal, raising the following assignment of error:

{¶17} "The Trial Court Erred in Denying the Appellants' Motion for Attorney Fees and Sanctions Pursuant to Civil Rule 11 and R.C. 2323.51."

**Standard of Review**

{¶18} "At the outset, we note that 'Ohio law provides two separate mechanisms for an award of sanctions for frivolous litigation: R.C. 2323.51 and Civ.R. 11.'" (Citations omitted.) *Omerza v. Bryant & Stratton*, 11th Dist. Lake No. 2006-L-147, 2007-Ohio-5216, ¶14. The proof necessary to support an award of sanctions depends upon which mechanism the litigant is relying upon. *Id.*

{¶19} "Civ.R. 11 requires a willful violation of the rule and applies a 'subjective bad faith standard.' * * * The attorney's actual intent or belief is consequently relevant to the determination of whether he or she acted willfully." (Citations omitted.) *Id.* at ¶15. "In contrast, R.C. 2323.51 employs an objective standard in determining whether sanctions

5

may be imposed for frivolous conduct." *Id.*, quoting *Stevenson v. Bernard,* 11th Dist. Lake No. 2006-L-096, 2007-Ohio-3192, ¶41. "Therefore, a finding of frivolous conduct under 2323.51 is determined 'without reference to what the individual knew or believed.'" (Citation omitted.) *Id.* "Thus, R.C. 2323.51 is broader in scope than Civ.R. 11 * * *." (Citation omitted.) *Id.*

{¶20} Civ.R. 11 provides in pertinent part:

{¶21} "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *. The signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney * * *, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees * * *."

{¶22} Thus, "[w]hen presented with a motion for sanctions pursuant to Civ.R. 11, a trial court 'must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay.'" *Id.* at ¶18, citing *In re: Estate of Call*, 9th Dist. Lorain No. 04CA008560, 2005-Ohio-1466, ¶25, citing *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 290 (9th Dist.1992). "If any of these requirements is not satisfied, the trial court must then determine whether 'the violation was "willful" as opposed to merely negligent.' * * * If the trial court finds that the violation was willful, it

6

may impose an appropriate sanction." *Id,* quoting *Kester v. Rodgers*, 11th Dist. Lake Nos. 93-L-056 & 93-L-072, 1994 WL 188918, *8-10 (May 6, 1994).

{¶23} "As to our standard of review of an award under Civ.R. 11, such an award will be upheld on appeal unless there is an abuse of discretion by the trial court. * * * We recognize, however, that the standard of review with respect to purely legal issues, such as whether good legal grounds exist to support a complaint, is de novo." (Citations omitted.) *Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Lake Nos. 2012-L-015 & 2012-L-016, 2013-Ohio-60, ¶57. An abuse of discretion is a term of art, "connoting judgment exercised by a court, which does not comport with reason or the record." *Id.* at ¶58, quoting *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-78 (1925). Stated differently, an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* (8 Ed.Rev.2004) 11.

{¶24} R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as conduct of a party to a civil action that satisfies any of the following:

{¶25} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶26} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

7

**{¶27}** "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**{¶28}** "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

**{¶29}** "Under R.C. 2323.51, the court must first determine whether the actions of the party to be sanctioned constitute 'frivolous conduct.' If the court determines that such actions are frivolous conduct, the court must then determine the amount, if any, of attorney fees that are warranted to the party who was adversely affected by the frivolous conduct." (Citations omitted.) *Findlay Ford Lincoln Mercury v. Huffman*, 3d Dist. Hancock No. 5-03-28, 2004-Ohio-2797, ¶10; R.C. 2323.51(B).

**{¶30}** "The initial determination of whether a party's conduct was frivolous requires a factual determination. * * * However, a determination of '[w]hether a pleading is warranted under existing law or can be supported by a good-faith argument for an extension, modification, or reversal of existing law is a question of law, peculiarly within the competence of an appellate court.'" (Citations omitted.) *Id.* at ¶11. Therefore, we are not bound by the trial court's determination on this particular issue. (Citation omitted.) *Id.*

**{¶31}** "Since R.C. 2323.51(B)(1) grants the court discretion in awarding attorney fees to a party adversely affected by frivolous conduct, a court's factual determination regarding the imposition of sanctions will not be reversed absent an abuse of discretion." *Id.* at ¶12.

{¶32} In the Lanes' sole assignment of error, they contend the trial court abused its discretion in failing to award attorney fees and sanctions pursuant to Civ.R. 11 and R.C. 2323.51 because Mrs. Griffith "had no defense to the Appellants' Complaint, yet utilized the legal process for nothing but delay."

{¶33} We find this argument without merit since the Lanes failed to evince any conduct of Mrs. Griffith or her counsel that was dilatory or frivolous under either the "willful" subjective standard of Civ.R. 11 or the objective standard of R.C. 2323.51. Moreover, the Lanes failed, pursuant to R.C. 2323.51(A)(2)(a)(i)-(iv), to identify with any specificity the frivolous conduct in which Mrs. Griffith was engaging. Instead, the Lanes merely cite to the statute and argue that because Mrs. Griffith settled the matter in mediation any defense she may have had to their lawsuit was groundless. According to the logic of this argument, Mrs. Griffith should not have even defended herself by filing an answer to the Lanes' complaint.

{¶34} At the outset, we note the argument that defending oneself in a breach of contract action that ends in a mediated settlement which favors the plaintiff equates to frivolous conduct is an argument that, without more, is unreasonable and unsound. The record, quite frankly, does not support the Lanes' argument alleging frivolous conduct and is sparse since no issues of fact or law were actually argued and resolved and few motions were filed. The case was resolved before Mrs. Griffith even had an opportunity to file a response to the Lanes' motion for summary judgment.

{¶35} As the Eighth District Court of Appeals aptly stated in *Marconi v. Savage*, 8th Dist. Cuyahoga No. 102619, 2016-Ohio-289, "the mere fact that a claim [or defense]

9

may not be successful is not enough to warrant sanctions under R.C. 2323.51." (Citations omitted.) *Id.* at ¶30.

**{¶36}** What the record does demonstrate is that Mrs. Griffith, before obtaining counsel and before filing an answer, sent a letter to the court explaining that she felt she was "taken advantage of by both the buyers and the high pressure real estate agent." Upon engaging counsel, her attorney promptly filed an answer that generally denied the allegations of the complaint. It is not frivolous conduct to defend a client against a lawsuit and for the "attorney to reasonably rely on the representations of his or her client." *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, ¶31 (1st. Dist.) (it was not unreasonable to file a claim based on a client's representations, even where there is contradictory documentary evidence available).

**{¶37}** Moreover, resolving a case in mediation does not mean defending oneself in a lawsuit is improper or frivolous conduct. In *Brancatelli v. Soltesiz*, 11th Dist. Lake No. 2011-L-012, 2012-Ohio-1884, the appellant's accusation of frivolous litigation rested upon the appellee's last-minute dismissal of a malpractice claim and his suggestion of a global settlement via a mutual dismissal of the legal fees and malpractice claims. *Id.* at ¶81. We agreed with the trial court that "merely offering to mutually settle both claims does not mean that Defendant brought his malpractice claim for an improper purpose. Defendant had an expert report in support of his malpractice claims and states that a cost-benefit analysis led them to determine that it would be fruitless to pursue the claim." *Id.* at ¶82.

**{¶38}** Similarly, here, simply because the parties settled the matter in mediation with a result of specific performance of the real estate purchase agreement at a reduced

10

purchase price in favor of the Lanes does not mean Mrs. Griffith engaged in frivolous conduct by defending herself against the Lanes' claims in the complaint.

{¶39} Mrs. Griffith did not delay discovery or engage in any dilatory tactics. Indeed, she did not file any pleadings or motions, with the exception of her answer and one timely response to the Lanes' discovery request. She also made herself available for a deposition at the Lanes' request.

{¶40} This is not a case such as *Fast Property Solutions, Inc., supra*, where the defendants engaged in delaying tactics by filing numerous pleadings and motions in municipal court, the common pleas court, the court of appeals, as well as federal court. *Id.* at ¶61. The defendants repeatedly raised issues already ruled upon, made arguments not supported by the existing law, and made misrepresentations to the court—in an apparent effort to delay or avoid a trial on the merits of an eviction action. *Id.* at ¶62. Thus, after viewing the conduct of the defendants and their counsel in totality, we determined their conduct "imported a dishonest purpose, implied conscious doing of wrong, and was for the purpose of delay, thus rising to the level of willfulness warranting sanctions under Civ.R. 11." *Id.* at ¶65. *See also Giles v. Central Ohio Technical College*, 5th Dist. Licking No. 07CA69, 2008-Ohio-3428, ¶64-65 (no abuse of discretion where the appellant and her counsel engaged in conduct which caused unnecessary delay and a needless increase in the cost of litigation by providing inconsistent answers, failing to provide documents, and failing to respond to requests for supplemental responses, interrogatories, and identification of witnesses).

{¶41} Furthermore, the Lanes failed to substantiate any evidence of frivolous conduct or the costs they incurred from the opposing side's "delaying tactics" aside from

11

the typical cost of litigation they commenced with the filing of their complaint. The Lanes attached all but two of the pleadings they filed in this case to their motion for sanctions as evidence of "frivolous conduct," which is simply evidence that the litigation took place. There was little motion practice and neither party filed for extensions. As the Lanes noted in their brief, the entire litigation lasted eight months, from the filing of the complaint to the resolved mediated matter. In fact, the court's scheduling order reflects that discovery was to be completed by June 11, pretrial was set for August 15, and a jury trial was set for October 16 of 2018. This case was mediated on June 13, 2018 and dismissed, with prejudice, after a finding that the parties had resolved their differences by agreement on November 21, 2018.

{¶42} We cannot say the trial court abused its discretion in finding Mrs. Griffith's conduct was "neither unreasonable nor the result of frivolous conduct."

{¶43} The Lanes sole assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.